UNITED STATES DISTRICT COURT FILED
DISTRICT OF MASSACHUSETTS CLERKS OFFICE

# 04 · 10017 NG CIVIL ACTION NO.

2004 JAN -5 P 12: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MARVIN SKOLNICK, | ) |
| | ) |
| Plaintiff | ) MAGISTRATE JUDGE Bowler |
| | ) |
| v. | ) |
| | ) |
| MAX MOTORS, INC., MAX FOREIGN | ) |
| CARS, INC. and BARRY JAGOLINZER | ) |
| | ) |
| Defendants | ) |
| | ) |

AMOUNT $150    5295
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK. T.O.M
1/6/04

## COMPLAINT AND JURY CLAIM

NOW COMES Marvin Skolnick, Plaintiff in the above-entitled action, and hereby

states as follows:

### STATEMENT OF SUBJECT MATTER JURISDICTION

1.      This is a civil rights action based on unlawful discrimination on the basis of disability

by an employer against its employee, and for the employer's failure to provide a mandatory,

job protected medical leave.

2.      The unlawful disability discrimination was perpetrated by the employer against its

employee, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. and in

violation of M.G.L. Chapter 151B, Section 1, et seq.

3.      The employer's failure to provide a mandatory job protected medical leave violated the

Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

4.     The unlawful practices were committed in the Federal District of Massachusetts, this Court's judicial district.

5.     This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 12117 and 42 U.S.C. 2000e-5(f)(3).

6.     This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. 1331.

7.     Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

8.     The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## PARTIES

9.     The Plaintiff in this action is Marvin Skolnick, a United States citizen now or formerly residing at 46 Perley Evans Drive, Randolph, Norfolk County, Massachusetts.

10.     Defendants Max Motors, Inc. and Max Foreign Cars, Inc. (hereinafter referred to as "Max Motors") are corporations organized under the laws of the Commonwealth of Massachusetts, and are employers as defined by 42 U.S.C. 12101, et seq., 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, are doing business as Somerset Chrysler Jeep and Somerset Subaru, and now have or formerly had usual places of business located at 1451 and 1491 Brayton Point Road, Somerset, Massachusetts, which at all times relevant to this Complaint had more than fifteen employees.

2

11.    Defendant Barry Jagolinzer is an individual now or formerly of 4 Tupelo Hill Drive,

Cranston, Rhode Island, and at all times relevant to this Complaint had supervisory authority of

the plaintiff's employment.

12.    At all times relevant to this Complaint, Plaintiff was an employee of the Defendants Max

Motors.

## FACTS COMMON TO ALL COUNTS

13.    Plaintiff, a qualified disabled person, is a member of the protected classes of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

14.    Plaintiff, a qualified handicapped person, is a member of the protected classes of Massachusetts General Laws Chapter 151B Section 1, et seq.

15.    At times relevant to this Complaint, including at the beginning of his employment with Defendants Max Motors, Plaintiff suffered from a Diabetic Neuropathy, a disability as defined in 42 U.S.C. 12101, et seq. and M.G.L. Chapter 151B, Section 1, et seq., which impaired his ability to walk.

16.    In late December, 2002, the plaintiff sustained a serious injury, to wit: a fractured ankle, which further impaired his ability to walk.

17.    Plaintiff's ability to work in January, 2003 was impaired by his injury.

18.    The defendants regarded the plaintiff as having a disability and impairments of his ability to ambulate and to ambulate without assisting devices.

19.    The plaintiff has a record of having impairments to his ability to walk.

20.    At all times during his employment with Defendants, Plaintiff was qualified for the various positions and capacities in which he was employed.

21.    At all times relevant to this Complaint, Plaintiff was able to perform all essential functions of his employment with Defendants, with or without a reasonable accommodation.

22.    Despite Plaintiff's qualifications, Defendants, through their agents, servants, employees, and officers, took unwarranted adverse action against Plaintiff in the context of his employment, including but not limited to termination, because and on account of his disability, and/or because the defendants regarded the plaintiff as disabled, and/or because of his record of disability.

4

23.    Defendants had an obligation to provide Plaintiff with a reasonable accommodation to assist him in performing the essential functions of his positions.

24.    Defendants failed to offer or grant Plaintiff a reasonable accommodation to assist him in performing the essential functions of his positions.

25.    Defendants failed to engage in an interactive process to determine whether a reasonable accommodation for the plaintiff's disability was feasible.

26.    At all times herein relevant, Defendants had the duty to provide their employees, including Plaintiff, with an equitable, non-discriminatory work environment.

27.    Defendants failed to take adequate steps to prevent and/or remedy disability discrimination against Plaintiff, in breach of their duty.

28.    At all times herein relevant, Plaintiff was qualified to perform all duties and responsibilities of his trade and was qualified for employment.

29.    Defendants are unable to articulate a legitimate, non-pretextual, non-discriminatory reason for their adverse actions against Plaintiff.

30.    On or about July 7, 2003, Plaintiff filed a Complaint with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunities Commission.

31.    In the Complaint filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunities Commission, Plaintiff alleged that Defendants terminated his employment and otherwise subjected him to discrimination on the basis of his disability.

32.     Pursuant to its work-sharing agreement with the Equal Employment Opportunities

Commission, the Massachusetts Commission Against Discrimination investigated Plaintiff's

Complaint of disability discrimination against Defendants.

33.     On or about December 4, 2003, the Equal Employment Opportunities Commission issued

the Plaintiff a Notice of Right to Sue authorizing him to file the instant civil action.

34.     At all times relevant to this Complaint, the defendants separately and/or combined had

more than 50 employees within a 75 mile radius of the plaintiff's work site.

35.     In or around January, 2003, the defendants failed to provide the plaintiff with a medical

leave to attend to his serious health condition.

36.     Instead of providing the plaintiff with a medical leave to attend to his serious health

condition, the defendants terminated the plaintiff.

## COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 12101, et seq.

### Marvin Skolnick v. Max Motors

37.     Plaintiff restates, realleges and incorporates by reference herein allegations eight through

thirty-six of this Complaint.

38.     Defendants in this count, Max Motors, Inc. and Max Foreign Cars, Inc. ("Max Motors"),

corporations organized under the laws of the Commonwealth of Massachusetts, are employers as

defined by 42 U.S.C. 12101, et seq., 42 U.S.C. 2000e and Massachusetts General Laws Chapter

151B, Section 1, now or formerly having usual places of business located at 1451 and 1491

Brayton Point Road, Somerset, Massachusetts, at all times relevant to this Complaint had more

than fifteen employees separately and/or combined.

39.    Defendants Max Motors' conduct, as alleged in allegations eight through thirty-six of Plaintiff's Complaint, constitutes unlawful disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

40.    As a direct and proximate result of Defendants Max Motors' unlawful disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., Plaintiff, Marvin Skolnick, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

41.    Plaintiff complied with the requirement(s) of 42 U.S.C. 12101, et seq. and 42 U.S.C. 2000e-5(e)(1) when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that Defendants Max Motors terminated his employment because and on account of his disability and otherwise subjected him to unlawful disability discrimination.

42.    Plaintiff has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

43.    The Equal Employment Opportunities Commission has issued Plaintiff a Notice of his Right To Sue that authorizes Plaintiff to bring this private civil action against these Defendants.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendants Max Motors and:

a.    Declare that Defendants Max Motors' conduct violated the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.;

b.    Enjoin these Defendants from subjecting Plaintiff to further disability discrimination;

7

c.      Issue a mandatory injunction compelling Defendants Max Motors to provide training to their employees, officers and agents, designed to eliminate, prevent and reduce disability discrimination;

d.      Award Plaintiff compensatory damages in the amount of $1,500,000.00;

e.      Award Plaintiff multiple damages;

f.      Award Plaintiff punitive damages;

g.      Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

h.      Issue such other relief as the Court deems just and proper.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

### Marvin Skolnick v. Max Motors

44.     Plaintiff restates, realleges and incorporates by reference herein allegations eight through thirty-six of this Complaint.

45.     Defendants in this count, Max Motors, Inc. and Max Foreign Cars, Inc. ("Max Motors"), corporations organized under the laws of the Commonwealth of Massachusetts, are employers as defined by 42 U.S.C. 12101, et seq., 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having usual places of business located at 1451 and 1491 Brayton Point Road, Somerset, Massachusetts, at all times relevant to this Complaint had more than fifteen employees separately and/or combined.

46.     Defendants Max Motors' conduct, as alleged in allegations eight through thirty-three of Plaintiff's Complaint, constitutes unlawful disability discrimination, in violation of Massachusetts General Laws Chapter 151B, Section 4.

8

47.    As a direct and proximate result of Defendants' Max Motors' unlawful disability discrimination, in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, Marvin Skolnick, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

48.    Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that Defendants Max Motors terminated his employment because and on account of his disability and otherwise subjected him to disability in the context of his employment.

49.    More than ninety days have passed since Plaintiff filed a Complaint of disability discrimination with the Massachusetts Commission Against Discrimination.

50.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against these Defendants.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendants Max Motors and:

a.    Declare that this Defendants Max Motors' conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.    Enjoin these Defendants from subjecting Plaintiff to disability discrimination;

c.    Issue a mandatory injunction compelling Defendants Max Motors to provide training to their agents, employees and officers designed to eliminate, prevent and reduce disability discrimination;

d.    Award Plaintiff compensatory damages in the amount of $1,500,000.00;

9

e.    Award Plaintiff multiple damages;

f.    Award Plaintiff punitive damages;

g.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

h.    Issue such other relief as the Court deems just and proper.

## COUNT III – DISABILITY DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

### Marvin Skolnick v. Barry Jagolinzer

51.    Plaintiff restates, realleges and incorporates by reference herein allegations eight through thirty-six of this Complaint.

52.    Defendant in this Count is Barry Jagolinzer, an individual now or formerly of 4 Tupelo Hill Drive, Cranston, Rhode Island.

53.    At all times relevant to this Complaint, Defendant Jagolinzer was the owner and manager of the defendants Max Motors, and had supervisory authority over the plaintiff's employment.

54.    Defendant Jagolinzer made the final decision to terminate the plaintiff's employment on account of and because of the plaintiff's disability, his record of a disability, and because Jagolinzer regarded the plaintiff as disabled.

55.    Defendant Jagolinzer's termination of the plaintiff's employment unlawfully interfered with the plaintiff's rights under M.G.L. Chapter 151B.

56.    Defendant Jagolinzer's conduct, as alleged in allegations eight through thirty-six of Plaintiff's Complaint, constitutes unlawful disability discrimination, in violation of Massachusetts General Laws Chapter 151B, Section 4.

10

57.    As a direct and proximate result of Defendant' Jagolinzer's unlawful disability

discrimination, in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, Marvin Skolnick, has

incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits,

has suffered emotional distress and anguish of mind, and has suffered, and will continue to

suffer, other damages as he will show at trial.

58.    Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B,

Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts

Commission Against Discrimination, said complaint alleging that Defendant Jagolinzer

terminated his employment because and on account of his disability and otherwise subjected him

to disability in the context of his employment.

59.    More than ninety days have passed since Plaintiff filed a Complaint of disability

discrimination with the Massachusetts Commission Against Discrimination.

60.    Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this

private civil action against this Defendant.

        WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendant Jagolinzer and:

a.    Declare that this Defendant's conduct violated Massachusetts General Laws Chapter

151B, Section 4, as amended;

b.    Enjoin this Defendant from subjecting Plaintiff to disability discrimination;

c.    Award Plaintiff compensatory damages in the amount of $1,500,000.00;

d.    Award Plaintiff multiple damages;

e.    Award Plaintiff punitive damages;

11

f.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

g.    Issue such other relief as the Court deems just and proper.

## COUNT IV – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

### Marvin Skolnick v. Max Motors

61.    Plaintiff restates, realleges and incorporates by reference herein allegations eight through thirty-six of this Complaint.

62.    Defendants in this count, Max Motors, Inc. and Max Foreign Cars, Inc. ("Max Motors"), corporations organized under the laws of the Commonwealth of Massachusetts, are employers as defined by 29 U.S.C. 2601, et seq., now or formerly having usual places of business located at 1451 and 1491 Brayton Point Road, Somerset, Massachusetts, at all times relevant to this Complaint had more than fifty employees separately and/or combined, within a 75 mile radius of the plaintiff's work site.

63.    At all times relevant to this Complaint, the plaintiff had a serious health condition as defined by 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder.

64.    Defendants Max Motors failed and refused to provide the plaintiff with a required, job protected medical leave to attend to his serious health condition.

65.    Defendants Max Motors terminated the plaintiff's employment without providing the plaintiff with at least 90 days of job protected medical leave to attend to his serious health condition.

66.    Defendants Max Motors' conduct, as alleged in allegations eight through thirty-six of this Complaint and in this count, constitutes a material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

67.    As a direct and proximate result of Defendant max Motors' material violation of the

Family and Medical Leave Act, 29 U.S.C. 2601, et seq., Plaintiff, Marvin Skolnick, has incurred

and continues to incur substantial loss of wages, earning capacity and fringe benefits, has

suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer,

other damages as he will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against

Defendants Max Motors and:

a.    Declare that these Defendants violated the Family and Medical Leave Act, 29 U.S.C.

2601, et seq.;

b.    Award Plaintiff compensatory damages in the amount of $1,500,000.00;

c.    Award Plaintiff punitive damages;

d.    Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action;

and

e.    Issue such other relief as the Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE

Respectfully submitted,
For the plaintiff Marvin Skolnick,

Sol J. Cohen
BBO # 630776
COHEN & SALES
43 Thorndike Street
Cambridge, MA 02141
(617) 621-1151